By the Court:
The only question involved in this case, is, whether or not, an appeal lies to the court of common pleas from an order made by the probate court, overruling a motion, by a party interested in the estate, for the removal of an administrator appointed by such probate court.
The common pleas court, on motion for that purpose, dismissed the appeal, and the circuit court affirmed the judgment of dismissal, to all of which plaintiff duly excepted.
It is claimed by plaintiff in error that section 6203, Revised Statutes, is broad enough in its provisions to sustain the appeal.
Section 6203, as it now stands in the Revised Statutes, is taken from section 9 of the act of April 17, 1857, entitled “An act to provide for the more speedy collection of claims of creditors, legatees and distributees of executors, administrators and guardians, and .to define the jurisdiction of the court of common pleas and probate court in certain cases.” S. & C„ 619.
This act of 1857, now forms sections 6195 to 6203, both inclusive, of Revised Statutes, without material change. These sections must receive the same construction that they would receive, if yet standing in the original act of April 17, 1857. State ex rel v. Commissioners of Shelby County, 36 Ohio St., 326; Williams v. State, 35 Ohio St., 175; City of Warren v. Davis, 43 Ohio St., 447.
Section 9 of the act of April 17, 1857, standing in connection with the other section of the act, gave the right of appeal only from the “orders, judgments and decrees” which might be made under that act, and the right of appeal given by said section 9, as incorporated into section 6203, is limited to the same “orders, judgments and decrees,” and can have no wider scope.
An order refusing to remove an administrator is not included in the “orders, judgments and decrees,” authorized by' the act of April 17, 1857, and therefore is not included in the orders from which an appeal may be taken by virtue of section 6203.
True, the present section, 6203, is broad enough, standing alone, to include an order refusing to remove an adminis *703 trator; but it is not broad enough to include such order, when construed in connection with the act of April 17, 1857. There is, therefore, no error in the record.

Judgment affirmed.